Issued October 15, 2021
Corrected October 15, 2021

**Supreme Court**

No. 2021-162-M.P.

In the Matter of                    :
Miriam Gordon Cauley.

# O R D E R

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure for Attorneys. The respondent, Miriam Gordon Cauley, was admitted to the practice of law in this state on December 10, 2008. The respondent is also admitted to the practice of law in the Commonwealth of Massachusetts.

On June 25, 2021, the Board of Bar Overseers of the Supreme Judicial Court of the Commonwealth of Massachusetts ("BBO") issued an Order of Public Reprimand against respondent. The BBO concluded that respondent had violated the Massachusetts Rules of Professional Conduct while she was in-house litigation counsel to a medical company in Massachusetts by settling a case without client authority and by making misrepresentations to outside counsel concerning the reasons for non-payment of the purported settlement, all resulting in contempt

- 1 -

orders, a civil judgment, and penalties against the client.[1] A copy of that Order was forwarded by the BBO to Disciplinary Counsel on July 14, 2021.

Rule 14 entitled "Reciprocal Discipline," provides in pertinent part: "Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary] Counsel shall obtain a certified copy of the disciplinary order and file it with the court." Article III, Rule 14(a) of the Supreme Court Rules. On July 26, 2021, Disciplinary Counsel filed a certified copy of the BBO Order of Public Reprimand together with a petition for reciprocal discipline. On August 13, 2021, respondent through counsel submitted a verified consent to the petition.

At its conference on September 9, 2021, this Court reviewed the record of proceedings before the BBO. We conclude that the imposition of identical reciprocal discipline as consented to by respondent is warranted in this matter.

The facts giving rise to the Massachusetts Order of Public Reprimand are fully set forth in a stipulation entered between respondent and the BBO.[2] The relevant facts are as follows:

---

[1] The Massachusetts Rules of Professional Conduct are substantially similar, but not identical to, Rhode Island's version of those rules. As the conduct giving rise to these proceedings occurred in Massachusetts, respondent's conduct was subject to Massachusetts rules.

[2] Rhode Island does not have a disciplinary sanction of "Public Reprimand." The functional equivalent of a public reprimand for Rhode Island attorneys is a public

From September 2016 to January 2020, respondent was in-house litigation counsel to a medical company. In December 2017, one of that client's wholly owned subsidiaries was sued in Georgia for personal injury, and the matter was assigned to respondent.

A trial in the case was scheduled to begin on March 11, 2019. After settlement discussions began in earnest, respondent purported to authorize the client's outside litigation counsel to settle the case for $250,000. The respondent, however, had failed to obtain required authorization from the management of the self-insured client.[3]

On March 6, 2019, five days before the scheduled start of the trial, the plaintiff in the litigation agreed to the proposed settlement. The plaintiff signed the client's standard release on March 21, 2019, but respondent realized that she did not have management's approval. Instead of obtaining that approval, she misrepresented to outside counsel that payment was delayed, but forthcoming.

When payment was not made, the plaintiff took steps to enforce the settlement. The respondent then told outside counsel, falsely, that there was a problem with "the insurer." A motion brought by the plaintiff to enforce the

censure as provided by Article III, Rule 3 of the Supreme Court Rules of Disciplinary Procedure for Attorneys.

[3] Management approval was required because the client was self-insured for damages not exceeding $7.5 million.

settlement was granted in May 2019, and when payment was still not made, the client was twice held in contempt. The respondent continued to misrepresent to outside counsel that payment was delayed, but forthcoming.

In September 2019, the plaintiff obtained a judgment against the client to collect on the settlement and eventually filed suit directly against the client and its insurer to collect the funds.

After respondent terminated her employment with the client company in January 2020, the client learned of and paid the settlement, together with interest, attorneys' fees, costs, and contempt sanctions.

On May 19, 2021, the Massachusetts Office of the Bar Counsel filed a petition for discipline before the BBO alleging the facts set forth *supra* and asserting that through her conduct respondent had violated the following Massachusetts Rules of

Professional Conduct: Rules 1.2(a),[4] 1.3,[5] 1.4(a)(1),[6] 4.1,[7] and 8.4(c)[8]. Additionally, the petition alleged that respondent violated Rule 8.4(h) of the Massachusetts Rules of Professional Conduct,[9] for which there is no counterpart within the Rhode Island Rules of Professional Conduct.

---

[4] Rule 1.2 of the Massachusetts Rules of Professional Conduct, entitled "Scope of Representation and Allocation of Authority Between Client and Lawyer[,]" provides, in pertinent part: "(a) A lawyer shall seek the lawful objectives of his or her client through reasonably available means permitted by law and these Rules."

[5] Rule 1.3 of the Massachusetts Rules of Professional Conduct, entitled "Diligence[,]" provides: "A lawyer shall act with reasonable diligence and promptness in representing a client. The lawyer should represent a client zealously within the bounds of the law."

[6] Rule 1.4 of the Massachusetts Rules of Professional Conduct, entitled "Communication[,]" provides, in pertinent part: "(a) A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f) is required by these Rules[.]"

[7] Rule 4.1 of the Massachusetts Rules of Professional Conduct, entitled "Truthfulness in Statements to Others[,]" provides, in pertinent part: "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person[.]"

[8] Rule 8.4 of the Massachusetts Rules of Professional Conduct, entitled "Misconduct[,]" provides, in pertinent part: "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonest, fraud, deceit, or misrepresentation[.]"

[9] Rule 8.4 of the Massachusetts Rules of Professional Conduct also provides, in pertinent part: "It is professional misconduct for a lawyer to: * * * (h) engage in any other conduct that adversely reflects on his or her fitness to practice law."

On May 19, 2021, respondent entered an answer and a stipulation with the Office of Bar Counsel admitting the facts set forth *supra*; admitting that her conduct violated the rules as charged; and acknowledging that she would receive public discipline for that misconduct. The respondent stipulated that the charges set forth in the Office of Bar Counsel's petition for discipline could be proved by a preponderance of the evidence and that if the matter went to hearing the charged violations would be found. This stipulation also recognized several mitigating factors relevant to the severity of the disciplinary sanction agreed to by the parties. The parties also noted extraordinary personal circumstances in mitigation described in an impounded memo that respondent submitted to the BBO with the stipulation. The stipulation noted that respondent had no prior disciplinary history, had acknowledged full responsibility for the harm caused to her client, and recognized that her extenuating personal issues explained, but did not excuse, her conduct.

This matter was heard before the BBO at its meeting on June 14, 2021, on the stipulation of the parties to the facts and charges, and a proposed disposition of a public reprimand. The BBO voted to accept the parties' stipulation and issued the public reprimand on June 25, 2021.

Rule 14(d) of our Rules of Disciplinary Procedure provides, in relevant part:

> "[T]his Court shall impose the identical discipline unless [Disciplinary] Counsel or the respondent-attorney demonstrates, or this Court finds that upon the face of the record upon which the discipline is predicated, it clearly appears:

"(1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty accept as final the conclusion on that subject; or

"(3) that the imposition of the same discipline would result in grave injustice; or

"(4) that the misconduct established has been held to warrant substantially different discipline in this State."

After review of the petition for reciprocal discipline, the order of public reprimand issued by the BBO, and the answer of respondent acknowledging and consenting to the imposition of the same level of discipline in this proceeding, we deem that an order imposing similar reciprocal discipline is appropriate.

Accordingly, we accept the recommendation of Disciplinary Counsel, not contested by the respondent, that we impose reciprocal discipline, and the respondent is hereby publicly censured.

The respondent's motion to seal the exhibit to her verified consent to the petition for reciprocal discipline, as prayed, is granted.

Entered as an Order of this Court this *15th* day of *October 2021.*

By Order,


<u>/s/ *Debra A. Saunders*</u>
Clerk

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Miriam Gordon Cauley. | |
| **Case Number** | No. 2021-162-M.P. | |
| **Date Order Filed** | October 15, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer From Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kerry Reilley Travers, Esq.<br>Chief Disciplinary Counsel | |
| | For Respondent:<br><br>Victoria M. Almeida, Esq.<br>John A. Tarantino, Esq.<br>William M. Dolan III, Esq. | |